IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:25-cv-711 |
| | ) | |
| v. | ) | |
| | ) | |
| BLANCO FORWARDERS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## UNITED STATES' COMPLAINT

1. This is a civil action brought by the United States of America ("United States") against Blanco Forwarders Inc. ("Blanco," the "Company," or "Defendant") to collect a civil penalty imposed by the United States Customs and Border Protection ("CBP") on Blanco for filing inaccurate export information pursuant to 13 U.S.C. § 305(b) and its implementing regulations.

### PARTIES

2. Plaintiff is the United States of America.

3. Defendant Blanco is a company that exports goods from the United States to various countries, including Guatemala. Blanco's last known address is 9705 NW 108 Ave, Suite 18, Miami FL 33178.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345, and 1355 as well as 13 U.S.C. § 305(c)(2).

5. Venue lies in this District pursuant to 28 U.S.C. § 1395(a) because the penalty accrued from an export shipped from this District, and venue also lies in this District pursuant to

28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## STATUTORY AND REGULATORY BACKGROUND

6.     Federal law authorizes the United States to collect information from all persons who export from the United States. *See* 13 U.S.C. § 301(a).[1]

7.     To facilitate the collection of export information, exporters must declare their international exports by "fil[ing] an Electronic Export Information through the Automated Export System." *See United States v. Singer*, 963 F.3d 1144, 1150 (11th Cir. 2020). Under 15 C.F.R. § 30.26, exporters must file Electronic Export Information ("EEI") in the Automated Export System ("AES") "for all vessels, locomotives, aircraft, rail cars, trucks, other vehicles, trailers, pallets, cargo vans, lift vans, or similar shipping containers when these items are moving as goods pursuant to sale or other transfer from ownership in the United States to ownership abroad."

8.     The requirements for filing Electronic Export Information are set forth in 15 C.F.R. § 30.2(a)(1), which provides that electronic export information must be filed by the "United States Principal Party In Interest" or its authorized agent.

9.     15 C.F.R. § 30.1(c) defines an "authorized agent" as "[a]n individual or legal entity physically located in or otherwise under the jurisdiction of the United States that has obtained power of attorney or written authorization from a [United States Principal Party In Interest] . . . to act on its behalf, and for purposes of this part, to complete and file the [Electronic Export Information]."

---

[1] The implementing regulations for the two relevant statutory provisions in this matter, 13 U.S.C. §§ 301(a) and 305(b), are set forth in Title 15, Part 30 of the Code of Federal Regulations.

10.     Under 15 C.F.R. § 30.6(a)(1)-(28), an authorized agent is required to report several mandatory data elements in Electronic Export Information. This includes reporting the Port of Export, which is defined as "the . . . [CBP] seaport or airport where the goods are loaded on the carrier that is taking the goods out of the United States[.]" 15 C.F.R. § 30.6(a)(9).

11.     Under 15 C.F.R. § 30.3(d)(1), an authorized agent is responsible for ensuring that the filed Electronic Export Information is "complete and accurate."

12.     Further, 15 C.F.R. § 30.2(e) provides that the failure of an authorized agent "to comply with any of the requirements of the regulations in this part renders such person[] subject to the penalties provided for in [15 C.F.R. §§ 30.70-30.74]."

13.      CBP is authorized to impose a civil penalty of $10,000 for every violation involving the filing of false or misleading electronic export information under 15 C.F.R. § 30.71(b)(3) and 13 U.S.C. § 305(b).[2]

14.     Under 15 C.F.R. § 30.72(c), if any person fails to pay a civil penalty imposed by CBP under 15 C.F.R. § 30.71(b)(3), the United States may bring a civil action "to recover the amount imposed (plus interest at currently prevailing rates from the date of the final order)." "In such action, the validity, amount, and appropriateness of such penalty shall not be subject to review." 15 C.F.R. § 30.72(c); *see also* 13 U.S.C. § 305(c)(2) (same).

FACTS

15.     CBP imposed a penalty of $14,194 on Blanco for filing inaccurate Electronic Export Information for a shipment bound for Guatemala.

---

[2] Because the penalty set forth in 13 U.S.C. § 305(b) is adjusted for inflation every year, the adjusted penalty is $14,194 for violations committed in 2020. *See* 85 Fed. Reg. 207, 208 (Jan. 3, 2020).

16.     On November 25, 2020, Blanco— using Filer ID 65054330900 and acting as the authorized agent for the United States Principal Party In Interest, United Southern Waste Material—filed EEI through the AES under the Internal Transaction Number ("ITN") X20201125539390 for the export of a container destined for Guatemala.

17.     Blanco identified the Port of Export for the shipment as Houston, Texas in its filing under ITN X20201125539390.

18.     Blanco's filing was inaccurate because Houston, Texas was *not* the actual Port of Export for the shipment corresponding to ITN X20201125539390. The true Port of Export for the container was the Port of Norfolk, Virginia.

19.     The EEI filed for Internal Transaction Number X20201125539390 claimed that the shipment contained worn clothing. However, CBP was unable to inspect the container to verify its contents before its export to Guatemala because of the false Port of Export information submitted by Blanco.

20.     By failing to provide accurate Port of Export information, Blanco exported a container in violation of 13 U.S.C. § 305(b) and the above-referenced implementing regulations, including 15 C.F.R. §§ 30.3(d)(1) and 30.2(e).

21.     On December 7, 2020, CBP issued a Notice of Penalty to Blanco in the amount of $14,194, for filing inaccurate Port of Export information in connection with ITN X20201125539390.

22.     CBP sent written correspondence to Blanco demanding payment for the penalty referenced in Paragraph 21 on February 6, 2021, February 20, 2021, and March 6, 2021. CBP counsel then sent written correspondence to Blanco, via email at votero@blancoforwarders.com, demanding payment for the penalty.

23.     Blanco owner Eduardo Blanco subsequently contacted CBP counsel, and the penalty notice was discussed with him, but the Company provided no further response and, to date, CBP has not received payment from Blanco.

24.     Blanco has not paid any of the penalty for filing inaccurate Port of Export information in connection with ITN X20201125539390.

25.     Blanco remains liable to the United States for the full penalty amount of $14,194, plus any accrued interest.

COUNT I
Civil Penalty
(13 U.S.C. § 305(b))

26.     The United States incorporates Paragraphs 1 through 25 above as set forth fully herein.

27.     The United States seeks a civil penalty against Blanco under 13 U.S.C. § 305(b).

28.     As set forth above, Blanco failed to provide accurate Port of Export information for a shipment bound for Guatemala in Electronic Export Information that Blanco filed on November 25, 2020, under Internal Transaction Number X20201125539390.

29.     By failing to provide accurate Port of Export information, Blanco violated 15 C.F.R. §§ 30.3(d)(1) and 30.2(e).

30.     Because Blanco failed to comply with 15 C.F.R. §§ 30.3(d)(1) and 30.2(e), the United States is authorized under 13 U.S.C. § 305(b) to "impose a civil penalty not to exceed $10,000 per violation" on Blanco for "violating the provisions of this chapter or any rule, regulation, or order issued thereunder." When adjusted for inflation, the civil penalty in 13 U.S.C. § 305(b) is $14,194 for violations committed in 2020.

31.     The Attorney General is authorized to "commence a civil action in an appropriate district court of the United States to recover the amount imposed (plus interest at currently prevailing rates from the date of the final order)" under 13 U.S.C. § 305(c)(2) in response to Blanco's failure to pay the statutory penalty. "In such action, the validity, amount, and appropriateness of such penalty shall not be subject to review." *Id.*

32.     For the foregoing reasons, under 13 U.S.C. §§ 305(b) and 305(c)(2), the United States is entitled to recover $14,194 in penalties plus accrued interest.

WHEREFORE, Plaintiff, the United States, requests that judgment be entered in its favor and against Defendant Blanco in the principal total amount of $14,194, plus interest as provided for by 13 U.S.C. § 305(b). Pursuant to 28 U.S.C. § 1961, the United States further demands that interest on the judgment accrue at the post-judgment rate until paid in full.

Respectfully submitted,

Dated:  November 4, 2025

Lindsey Halligan
United States Attorney

By:

 /s/ David Tannenbaum
DAVID TANNENBAUM
Assistant U.S. Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 838-2627
Fax: (703) 299-2584
E-mail: David.Tannenbaum2@usdoj.gov